In the Matter of the Application of HARRY M. DURNING, Petitioner, for an Order of Mandamus against PATRICK J. REVILLE, as Superintendent of the Board of Standards and Appeals, and Another, Defendants.

Supreme Court, Bronx County, April 1, 1930.

*Mc Kown & Condon*, for the petitioner.

*Arthur J. W. Hilly, Corporation Counsel*, for Board of Standards and Appeals.

*Abraham Wilson*, for the defendant Redden.

HATTING, J.   The defendant Redden is the owner of a parcel of real property on the southwest corner of West One Hundred and Sixty-fourth street and Woodycrest avenue.   Prior to November 20, 1925, these premises were zoned for business purposes and were improved by a frame private dwelling.   On September 14, 1925, the defendant filed with the building superintendent plans for the alteration of the premises by the erection thereon of four stores, which plans were duly approved on the 28th day of October 1925. Permit for the alteration was not issued until November 23, 1925. In the meanwhile and on November 20, 1925, and on the application of the neighboring property owners the board of estimate and apportionment, by a resolution adopted that day, rezoned from a business to a residential district West One Hundred and Sixty-fourth street from a line 100 feet east of Ogden avenue to a line 100 feet west of Anderson avenue, in which district the premises here involved are located.   When the work of alteration was attempted to be begun, the superintendent of buildings, on the application of neighboring property owners, and on the opinion of the corporation counsel that on the 23d day of November, 1925, the premises involved were zoned for residential purposes, revoked the permit and interrupted further work of alteration.   Thereafter proceedings were taken by the defendant by way of mandamus to compel the superintendent of buildings to cancel his revocation of the permit, which motion was denied, and the denial affirmed by the Appellate Division (*Redden* v. *Reville*, 219 App. Div. 703), the opinion of the court below relegating the defendant to relief by application to the board of standards and appeals.   Such application was later made to the board of standards and appeals, which accepted and enter-tained the application as an appeal from an administrative order on notice only to the defendant, the corporation counsel, and the superintendent of buildings, and the board of standards and appeals upon such hearing revoked the cancellation of the permit and directed its reissuance.   After a lapse of considerable time after the reissuance of the permit, defendant again attempted to proceed

with the alteration, and the petitioner herein thereupon brought this proceeding by a mandamus to compel the superintendent of buildings again to revoke the permit and prevent the construction of the said stores on the above premises.

Defendant herein urges that by operation of section 24(a) of the zoning resolution, which was intended to save outstanding permits, this defendant was entitled as matter of law to the alteration which he sought and that the superintendent of buildings was without authority in law to revoke the permit. This present application stands squarely upon the question of whether section 24(a) of the zoning resolution is still in effect. It was enacted in the original building zone resolution on July 25, 1916. It was re-enacted in 1919, and by a resolution which was passed by the board of estimate and apportionment on the 3d day of October, 1924, section 24(a) was eliminated from the amended building zone resolution. The question of whether the board of standards and appeals was entitled to entertain the original application of the defendant as an appeal from an administrative order or whether the rights of the defendant were then limited to an application to the board of standards and appeals for a change of use on notice to the surrounding property owners depends entirely upon the existence or non-existence of section 24(a) in the zoning resolution at the time of the issuance of the permit on November 23, 1925. The petitioner refers, as the authority that section 24(a) is eliminated from the zoning resolution, to *Matter of Fox Lane Corporation* v. *Mann* (216 App. Div. 813) and *Fox Lane Corporation* v. *Moore* (Id. 813; affd., 243 N. Y. 550). It is urged here by the defendant that the *Fox Lane* decisions were founded upon an erroneous assumption that section 24(a) was eliminated from the zoning resolution, and that error was created in the *Fox Lane* cases through the inadvertent concession by counsel for both sides in the *Fox Lane* cases that section 24(a) was in fact eliminated.

The question of the irregularity in the elimination of section 24(a) and the legal effect of the conduct of the board of estimate and apportionment in eliminating the section from the zoning resolution has not been directly raised in any of the existing authorities and it is urged by the defendant in this instance that the elimination of section 24(a) from the zoning resolution was without due process of law and was not in accordance with the requirement of section 242 of the Greater New York Charter, as added by New York City Local Laws of 1925, No. 3.

Our attention is, therefore, directed to the proceedings before the board of estimate and apportionment in which said resolution was eliminated. The resolution was adopted on the 3d day of

October, 1924, and it was upon a published notice which appeared in the Bulletin on September 16, 1924, under the following introduction and caption: " Whereas the Board of Estimate and Apportionment is considering the advisability of amending the resolution originally adopted by the said board on July 25th, 1916, and subsequently amended, entitled: 'A resolution regulating and limiting the height and bulk of buildings hereafter erected and regulating and determining the area of yards, courts and other open spaces, and regulating and restricting the location of trades and industries and the location of buildings designed for specified uses and establishing the boundaries of districts for the said purposes.' * * * " The irregularity complained of by defendant is that by specific reference to section 24(a) and notice of the intention of the board of estimate and apportionment to entertain a resolution specifically repealing or eliminating section 24(a), its subsequent action on October 3, 1924, was not in accordance with this quoted published notice. It is the contention of the petitioner that this notice as so published was sufficiently broad to entitle the board of estimate and apportionment to make any amendments or modification of the zoning resolution that it deemed advisable, however extensive. The question, therefore, resolves itself into one of construction of the effect of the published notice and the extent to which the board of estimate and apportionment was entitled to act thereunder. We cannot find under this published notice that the action of the board of estimate and apportionment was limited purely to a consideration of the reprinting of use maps and the adoption thereon of certain symbols different from those previously in use, as is the contention of the defendant here. The language of the notice shows that the resolution to be considered was " the advisability of amending the resolution originally adopted," etc. It is apparent, therefore, that the intention of the board was to consider other features of the zoning resolution quite distinct from the adoption of symbols on the use map, and their subsequent enactment of the resolution in its amended form on October 3, 1924, wherefrom section 24(a) was eliminated, was clearly within the scope of the published notice. The right of this defendant to a permit to proceed with the alteration depends entirely upon the existence of section 24(a), which if still in force, would save to the petitioner his permit. It appearing, however, that section 24(a) was eliminated from the amended building zone resolution on October 3, 1924, there existed no right in law in this petitioner to perfect his permit for the alteration subsequent to the rezoning of One Hundred and Sixty-fourth street.

Under the circumstances, the original issuance of the permit,

being unwarranted in law, was error, and the action of the superintendent of buildings in revoking the permit was proper. The right of the board of standards and appeals to entertain the application of the petitioner for a revocation of the cancellation of the permit, as an appeal from an administrative order, depended likewise upon the existence of section 24(a) of the zoning resolution at the time such application was made. It having been previously eliminated from the zoning resolution, on October 3, 1924, the application of the petitioner could not be entertained by the board of standards and appeals as an appeal from an administrative order and the remedy of the defendant was to apply to the board of standards and appeals for a variation in the use map.

There being no dispute of fact presented on this application, it resolves itself purely into a question of law, and, for the reasons above stated, the motion of petitioner will be granted and a peremptory order of mandamus will be issued. Settle order on notice.